Case 6:19-cv-00043   Document 26   Filed on 08/18/20 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
August 18, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHNNY BALDERA JR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:19-CV-43 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Johnny Baldera, Jr. (#02132277), is a Texas state prisoner currently incarcerated in the Stevenson Unit of the Texas Department of Criminal Justice, Institutional Division in Cuero, Texas. Proceeding *pro se*, he filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 20, 2019 challenging his 2017 Calhoun County indecency with a child by contact conviction.[1] (D.E. 1). Respondent filed a Motion for Summary Judgment with Brief in Support on October 18, 2019 to which Petitioner filed a response on November 18, 2019. (D.E. 15 and D.E. 21). On July 6, 2020, this case was reassigned to United States District Judge Drew Tipton and was referred to the undersigned on July 23, 2020. (D.E. 23 and D.E. 24). For the reasons stated below, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**. (D.E. 15).

---

[1] The petition was signed on May 20, 2019 and received by the Court on May 21, 2019. *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction is proper in this Court because Petitioner was convicted in Calhoun County, Texas, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(5); 28 U.S.C. § 2241(d); *Wadsworth*, 235 F.3d at 961.

## II. BACKGROUND

On May 3, 2017, after a jury trial, Petitioner was convicted of indecency with a child by contact in the 24th District Court of Calhoun County, Texas, Case Number 2017-03-7766, and sentenced to 27 years imprisonment.[2] (D.E. 16-29, Pages 32-33). Petitioner's conviction was affirmed by the Thirteenth Court of Appeals on August 23, 2018. *Baldera*, 2018 WL 4016776, at *1. The Texas Court of Criminal Appeals ("TCCA") refused Petitioner's petition for discretionary review ("PDR") on January 30, 2019. *Id.*; (D.E. 16-8). Petitioner filed an application for a state writ of habeas corpus on February 21, 2019 which was received by the TCCA on April 2, 2019 and denied without written order by the TCCA on May 8, 2019. (D.E. 16-22 and D.E. 16-29, Pages 1 and 19). Petitioner filed the pending federal habeas action on May 20, 2019. (D.E. 1).

---

[2] Petitioner's sentence was enhanced as the jury found Petitioner was a habitual felony offender. (D.E. 16-29, Page 32); *Baldera v. State*, No. 13-17-00338-CR, 2018 WL 4016776 (Tex. App.- Corpus Christi-Edinburg Aug. 23, 2018, pet. ref'd).

## III. APPLICABLE LEGAL STANDARDS

### A. Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…"). However, Rule 56 applies only to the extent that it does not conflict with the federal rules governing habeas proceedings. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004). Accordingly, § 2254(e)(1), mandating that a state court's findings are presumed to be correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. *Smith*, 311 F.3d at 668. Unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. § 2254(e)(1); *Id*.

### B. Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application

of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[3] Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Richter*, 562 U.S. at 101-02. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

This standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further." *Richter*, 562 U.S. at 102. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so

---

[3]The TCCA has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits. *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas,* 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 103.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. In addition, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 784.

## IV.  PETITIONER'S ALLEGATIONS OF ERROR[4]

Petitioner raises several grounds for relief arguing:

1. The trial court did not possess jurisdiction;

2. He is actually innocent as there was insufficient evidence of his guilt;

3. There was prosecutorial misconduct;

4. His trial counsel and his appellate counsel were ineffective;

5. The trial court abused its discretion.

(D.E. 1, Pages 4 and 7-8 and D.E. 1-1, Pages 1-5). The undersigned recommends each of these arguments is without merit, as discussed below.

## V.  DISCUSSION

### A.  Trial Court Jurisdiction

Petitioner argues the trial court lacked jurisdiction because the indictment was

---

[4] A summary of the case is contained in the Memorandum Opinion of the Thirteenth Court of Appeals and cited in Respondent's brief and therefore, need not be repeated here. *Baldera*, 2018 WL 4016776, at *1-2; (D.E. 15, Pages 6-8).

6 / 17

untimely, the indictment was not amended by the grand jury, the certificate of service to amend by the prosecutor is dated after the trial, he received three verdicts on one continuous count, the indictment does not charge the proper elements of the offense and copies of the indictments do not match the originals. (D.E. 1-1, Page 1 and D.E. 21, Page 3).

Petitioner asserted these same grounds for relief in his state habeas petition. (D.E. 16-20, Page 9). However, the sufficiency of state indictment is generally not a matter for federal habeas review "unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citation omitted). Further, a federal court need not address an indictment's sufficiency where the state court has held that indictment is sufficient under state law. *Id*. (citation omitted). Here, the state habeas court denied Petitioner's application for state habeas relief without written order. (D.E. 16-22); *Bledsue*, 188 F.3d at 257 (A "denial" signifies the TCCA addressed and rejected the merits of a particular claim); *Evans v. Cain*, 577 F.3d 620, 624-25 (5th Cir. 2009) (Where the sufficiency of the indictment is presented to the state's highest court in an application for postconviction relief and the state's highest court denies that application without written order, the issue is "foreclosed to a federal habeas court.") (citations omitted). Therefore, as the TCCA has determined the indictment was sufficient under state law in this case, federal habeas review of this state court decision is precluded. *McKay*, 12 F.3d at 68-69; *Evans*, 577 F.3d at 624-25. The undersigned recommends this ground for relief be denied.

**B.     Actual Innocence and Sufficiency of the Evidence**

Petitioner next asserts he is actually innocent of the crime for which he was convicted

because the state did not have "scientific evidence, medical evidence, and no corroborated [sic] evidence." (D.E. 1-1, Page 2). In short, Petitioner asserts there was insufficient evidence to convict him and there was inconsistent witness testimony. (D.E. 1-1, Pages 1-2 and D.E. 21, Pages 4-5). For the reasons stated below, these arguments fail.

A freestanding claim of actual innocence does not provide a basis for federal habeas relief absent evidence of an independent constitutional violation in the state criminal proceeding. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) (Federal habeas courts do not relitigate state trials); *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013). No such argument or evidence exists here. Additionally, the general rule is a federal habeas court will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991). Here, Petitioner did not challenge the sufficiency of the evidence in his direct appeal. *Baldera*, 2018 WL 4016776, at *1; (D.E. 16-2). Petitioner's failure to raise this claim on direct appeal constitutes a procedural default barring this Court from considering his claim on the merits. *West v. Johnson*, 92 F.3d 1385, 1398 n. 18 (5th Cir. 1996) (A state prisoner who fails to present a sufficiency claim to the TCCA on direct appeal is procedurally barred from raising the issue in state court and therefore, cannot obtain federal habeas relief on that basis); *Ex Parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) (Where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently denies that application without written order, the sufficiency claim was denied because it was not cognizable); *Kittelson v. Dretke*, 426 F.3d 306, 317 n. 26 (5th

Cir. 2005) (Under Texas Law, a state prisoner cannot seek habeas review of a sufficiency of evidence claim that was available but not raised on direct appeal).

A procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate "cause," a petitioner must prove some condition external to the defense impeded his efforts to comply with procedural rules, the factual or legal basis of the claim was not available to counsel, or governmental interference rendered procedural compliance impractical. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Further, in this case, a miscarriage of justice would mean Petitioner is actually innocent of the crime for which he was convicted. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citations omitted); *Konemany v. Stephens*, No. H-13-2309, 2013 WL 6858506, at *3 (S.D. Tex. Dec. 30, 2013) ("By 'fundamental miscarriage of justice' is meant that he was actually innocent of the crime.") (citations omitted).

The evidence against Petitioner included two minor victims who testified Petitioner put his fingers inside their private parts while their mothers were at work. *Baldera*, 2018 WL 4016776, at *1; (D.E. 15, Pages 6-8). One of the juvenile victims also testified Petitioner forced her to fondle Petitioner. *Id.* Additionally, a prosecution witness also testified that Petitioner solicited him to testify falsely at trial; a request this witness refused. *Id.* Here, the undersigned recommends Petitioner has not established cause and prejudice and he has not presented any new and reliable proof that he is actually innocent of the crime for which he was convicted. Therefore, the undersigned recommends this claim is

procedurally barred on an adequate and independent state ground because it could have been but was not raised on direct appeal.

Even if this claim was not barred, the evidence presented at Petitioner's trial, including the testimony of two teenage victims as well as his own testimony, was more than sufficient to support his conviction. (D.E. 16-19, Pages 64-67; D.E. 16-19, Pages 92-94 and D.E. 16-20, Pages 28-30). Federal courts have extremely limited habeas review of claims based on the sufficiency of the evidence, and the standard for reviewing such claims is supplied by *Jackson v. Virginia,* 443 U.S. 307 (1979). When a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding, the standard is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. The trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* Further, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo,* 513 U.S. 298, 330 (1995). The *Jackson* standard applies whether the evidence is direct or circumstantial. *United States v. Scott,* 159 F.3d 916, 920 (5th Cir. 1998) (citation omitted). Here, Petitioner is urging the Court to make witness credibility determinations and to weigh the evidence in his favor. However, as stated above, this is the responsibility of the jury, not this Court. For the reasons stated above, the undersigned recommends this claim does not warrant federal habeas relief.

### C. Prosecutorial Misconduct and Trial Court Discretion

Petitioner also alleges multiple grounds of prosecutorial misconduct and abuse of the trial court's discretion. (D.E. 1, Page 8; D.E. 1-1, Pages 2-3 and 4-5). Both of these claims are identical in form and in substance to the claims Petitioner presented to the state court in his state habeas application which was denied without written order. (D.E. 1-1, Pages 2-5 and D.E. 16-29, Pages 13-14 and 17-18).[5] Respondent asserts these claims are conclusory and without any support from the record or case law and are therefore insufficient to entitle Petitioner to relief. (D.E. 15, Pages 23-27). The undersigned agrees and recommends these claims be dismissed for the reasons stated below.

"Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (citations omitted). Here, Petitioner's third claim of prosecutorial misconduct and fifth claim of abuse of discretion provide little to no explanation in support, as does his Response to the pending Motion, and while Petitioner appears to cite to the record as to some of his allegations, his citations are unclear and misleading, do not cite to evidence in support of his arguments and/or do not provide any guidance as to what arguments he is making. (D.E. 1-1, Pages 2-5; D.E. 15, Page 23, Footnote 3 and D.E. 21). Therefore, these allegations are not entitled to habeas relief. *Ross*

---

[5] Petitioner added one new paragraph to his final ground for relief where he alleged the state habeas court should have held an evidentiary hearing on the merits because the state habeas judge was not the trial judge. (D.E. 1-1, Page 5). However, Petitioner's claim challenging the state habeas process does not state a claim for federal habeas relief. *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court…because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted).

*v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (Given the deference due to state court decisions, a habeas petitioner's conclusory allegations are insufficient to raise a constitutional issue) (citation omitted).

Further, Petitioner makes identical conclusory allegations to those raised in his state habeas application, which was denied by the TCCA on the merits. He makes no substantive argument that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner fails to meet his burden under AEDPA that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.") Therefore, the undersigned recommends these claims be dismissed.

### D. Ineffective Assistance of Counsel

Petitioner next alleges, again identical to his state habeas application, that he received ineffective assistance of both trial and appellate counsel. (D.E. 1-1, Pages 3-4 and D.E. 16-29, Pages 15-16). For the reasons stated below, the undersigned recommends these claims should be denied.

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*. 466

U.S. 668 (1984). Petitioner must show counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense. *Id.* at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Petitioner must prove he was prejudiced by his attorney's substandard performance, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Petitioner then "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112 (citation omitted).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. It is "all too tempting" to "second-guess counsel's assistance after conviction or

adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id.* at 690.

An ineffective assistance of counsel claim raised in a habeas petition must therefore be analyzed under both the *Strickland* and § 2254(d) standards. As these standards are both highly deferential, when the two apply in tandem, judicial review is "doubly" so. *Richter*, 562 U.S. at 105 (citations omitted). The federal habeas court asks not whether defense counsel's performance fell below *Strickland*'s standard, but whether the state court's application of the *Strickland* standard was unreasonable. *Id.* at 101. "Under AEDPA…it is a necessary premise that the two questions are different." *Id.* Because the *Strickland* standard is a general one, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Yarborough*, 541 U.S. at 664). Thus, where § 2254(d) applies to a *Strickland* claim, habeas relief is appropriate only when the petitioner shows there is no reasonable argument that counsel's performance satisfied *Strickland*'s deferential standard. *McCoskey v. Thaler*, 478 F. App'x 143, 152 (5th Cir. 2012).

The undersigned finds Petitioner's allegations are again conclusory and therefore, Petitioner fails to present cognizable grounds for federal habeas relief. *Koch*, 907 F.2d at 530; *Ross*, 694 F.2d at 1011-12. For example, Petitioner alleges his trial counsel failed to interview or investigate any witnesses but he does not identify which witnesses he should have interviewed or what their testimony would have been. He further alleges his trial counsel "failed to file a motion for discovery" but does not identify what discovery he should have sought or objected to. He also alleges trial counsel fail to object in multiple

instances but in large part does not identify what the objections should have been or whether they would have been successful. In short, Petitioner fails to overcome the strong presumption of competence owed to his counsel's conduct. *Strickland*, 466 U.S. at 690; *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) ("We must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy.") (citation omitted). He simply fails to support any of his allegations with any law or sufficient fact or evidence. Further, even if Petitioner could show counsel's performance fell below an objective standard of reasonableness, he has not shown how any deficient performance prejudiced the defense. *Id.* at 687-88. For example, Petitioner alleges his appellate counsel was ineffective because he failed to raise a sufficiency of evidence argument on direct appeal after an unsuccessful motion for a new trial on the same grounds, in addition to all of the other allegations in his current petition. However, as discussed above, the evidence presented at Petitioner's trial, including the testimony of two, independent teenage victims as well as his own testimony was more than sufficient to support his conviction. (D.E. 16-19, Pages 64-67; D.E. 16-19, Pages 92-94 and D.E. 16-20, Pages 28-30); *Norris v. Davis*, 826 F.3d 821, 835 (5th Cir. 2016) ("Norris cannot show *Strickland* prejudice in light of the overwhelming evidence of his guilt."); *Hoover v. Davis*, No. 4:19-0905, 2020 WL 1430498, at *9 (S.D. Tex. Mar. 23, 2020) (Petitioner failed to demonstrate his counsel's allegedly deficient performance caused him prejudice given the strong evidence of his culpability).

Accordingly, the undersigned recommends Petitioner has failed to show either counsels' performance fell below an objective standard of reasonableness and that deficient

performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88. The undersigned also recommends Petitioner has failed to meet his burden by showing the state court's application of *Strickland* was unreasonable as he fails to address the state court's decision in his petition, instead simply resubmitting identical claims to this Court. *Richter*, 562 U.S. at 101. Therefore, the undersigned recommends Petitioner's claims of ineffective assistance of counsel be denied.

## VI. RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends Petitioner's claim be **DISMISSED** and Respondent's Motion for Summary Judgment be **GRANTED**. (D.E. 15).

Respectfully submitted this 18th day of August 2020.

*[signature]*
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).