United States District Court
Southern District of Texas
**ENTERED**
March 30, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **JOHNNY BALDERA, JR.,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:19-cv-00043** |
| | § | |
| **LORIE DAVIS,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court is the Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby on August 18, 2020. (Dkt. No. 26). In the M&R, Magistrate Judge Libby recommended granting Respondent Lorie Davis's ("Davis") Motion for Summary Judgment and dismissing as meritless Petitioner Johnny Baldera, Jr.'s ("Baldera") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (*Id.* at 1, 16).

Baldera was provided proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); General Order No. 2002-13, art. IV. He filed timely objections. (Dkt. No. 30). As a result, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (C).

The Court has conducted *de novo* review of the M&R, the objections, the record, and the applicable law. After careful review, the M&R is **ACCEPTED** as this Court's Memorandum and Order. The Motion for Summary Judgment is **GRANTED**. Accordingly, the Court **DISMISSES** Baldera's Petition.

## I.    BACKGROUND

Baldera was indicted for continuous sexual abuse of a child, which the Texas Penal Code classifies as a first-degree felony.  (Dkt. No. 16-5 at 2).  At trial, three witnesses testified against Baldera: (1) J.V., a minor who testified Baldera touched her private parts while her mother was away at work; (2) D.A., another minor who testified Baldera did the same to her while her mother was also away working; and (3) Kevin Charles Johnson ("Johnson"), an inmate at the Calhoun County Jail who testified Baldera asked him to lie and testify for his defense.  (*Id.*  at 2–3).  On May 3, 2017, a jury convicted Baldera of a lesser-included offense of indecency with a child by contact.  (*Id.* at 3.)

Baldera appealed, alleging error in the jury charge because the trial court allegedly failed to instruct the jury that Baldera could not be convicted solely on Johnson's testimony.[1]  (*Id.* at 5).  The Thirteenth Court of Appeals affirmed his conviction and sentence on August 23, 2018.  (*Id.* at 2).  Baldera's petition for discretionary review ("PDR") was subsequently denied by the Texas Court of Criminal Appeals ("TCCA").  (Dkt. No. 16-8); *see Baldera v. State*, No. 13-17-00338-CR, 2018 WL 4016776, (Tex. App. – Corpus Christi–Edinburg, Aug. 23, 2018, pet. ref'd) ("Discretionary Review Refused January 30, 2019").  On February 21, 2019, Baldera applied to the TCCA for a writ of habeas corpus, claiming (1) the trial court lacked jurisdiction; (2) actual innocence; (3) prosecutorial misconduct due to the prosecution's use of perjured testimony and inadmissible evidence; (4) ineffective assistance of counsel; and (5) abuse of discretion by the trial

---

[1]    Article 38.075 of the Texas Code of Criminal Procedure provides, "[a] defendant may not be convicted of an offense on the testimony of a person to whom the defendant made a statement against the defendant's interest during a time when the person was imprisoned or confined in the same correctional facility as the defendant unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed."  TEX. CODE CRIM. P. ANN. art. 38.075(a).

court.  (Dkt. No. 16-29 at 9–19).  The TCCA denied the application without written order on May 8, 2019 with a single judge signing the order.  (Dkt. No. 16-22).

On May 21, 2019, Baldera filed the instant Petition in which he restates the claims from his unsuccessful state writ.  (Dkt. No. 1 at 7–11; Dkt. No. 1-1).  Davis filed a Motion for Summary Judgment with Brief in Support on October 18, 2019.  (Dkt. No. 15).  In return, Baldera filed a Response on November 18, 2019.  (Dkt. No. 21).  The action was reassigned to this Court on July 6, 2020, (Dkt. No. 23), and was referred to Magistrate Judge Libby on July 23, 2020, (Dkt. No. 24).  On August 18, 2020, Magistrate Judge Libby recommended denying Baldera's Petition.  (Dkt. No. 26).  Baldera timely filed his objections on September 16, 2020.[2]  (Dkt. No. 30).

## II.    LEGAL STANDARDS

When a party objects to part of a magistrate judge's recommendation, a district court must conduct a *de novo* review.  28 U.S.C. § 636(b)(1)(C).  A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions."  *Id.*  Relevant here, "[a] document filed *pro se* is to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (internal quotation omitted).

### A.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine

---

[2]    Because of an Order granting Baldera an extension of time to file objections, Baldera had until October 1, 2020 to object.  (Dkt. No. 29).

if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2253, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*per curiam*)).

If the movant meets this burden, the nonmovant must then come forward with specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). "The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The nonmovant's burden "will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*,

4

402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075).  Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.  FED. R. CIV. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).  For evidence to be admitted, the materials "need only be *capable* of being 'presented in a form that would be admissible in evidence.'"  *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting FED. R. CIV. P. 56(c)(2)).

In reviewing a motion for summary judgment, the district court must view the evidence in a light most favorable to the nonmovant.  *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).  This rule means that factual controversies are to be resolved in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075.  The Court is not obligated to search the record on the nonmovant's behalf for evidence which may raise a fact issue.  *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992).

### B.    AEDPA STANDARD OF REVIEW

If a state prisoner has presented his federal constitutional claims to the state courts in a procedurally proper manner and the state courts have adjudicated their merits, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a deferential federal review. "[T]ime and again," the Supreme Court "has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'"  *White v. Wheeler*, 577 U.S. 73, 76–77, 136 S.Ct. 456, 460, 193 L.Ed.2d 384 (2015) (quoting *Burt v. Titlow*, 571 U.S. 12, 19, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013)).  Under AEDPA's rigorous standard of review, a petitioner may secure federal habeas relief only after showing that the state court's rejection of

his claim was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

Petitioners arguing legal error in state court decisions must comply with Section 2254(d)(1)'s "contrary to" and "unreasonable application" clauses. *See Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010) (citations omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419–20, 134 S.Ct. 1697, 1702, 152 L.Ed.2d (2014)). In contrast to "ordinary error correction through appeal," AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* (quotation omitted). A petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woodall*, 572 U.S. at 419–20, 134 S.Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 786–87, 178 L.Ed.2d 624 (2011)). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102, 131 S.Ct. at 786.

A petitioner challenging the factual basis for a state decision must show that it was an "unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d)(2).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841, 849, 175 L.Ed.2d 738 (2010).  State court findings are "presumed to be correct" unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Generally, federal courts presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 11 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991); *see also Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999) ("When faced with a silent or ambiguous state habeas decision, the federal court should 'look through' to the last clear state decision on the matter.").  Thus, when the TCCA summarily rejects a prisoner's claim, federal courts can "ignore—and hence, look through—an unexplained state court denial and evaluate the last reasoned state court decision."  *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).  AEDPA requires federal courts to defer to a state court's summary decision to deny relief. *See Harrington*, 562 U.S. at 99, 131 S.Ct. at 784–85; *see also Johnson v. Williams*, 568 U.S. 289, 299, 133 S.Ct. 1088, 1095, 185 L.Ed.2d 105 (2013) (observing that AEDPA deference is proper even in "instances in which a state court may simply regard a claim as too insubstantial to merit discussion").

With the foregoing standards in mind, the Court now reviews the M&R and Baldera's objections.

## III.     REVIEW OF THE OBJECTIONS

In his Petition, Baldera raised the following five grounds to argue that his Due Process, Fifth, Sixth, and Fourteenth Amendment Rights were violated, and that habeas relief is warranted:

1.     The trial court did not possess jurisdiction because of deficiencies in the indictment;

2.     There was insufficient evidence in the record to convict him;

3.     Prosecutorial misconduct;

4.     Ineffective assistance of trial and appellate counsel; and

5.     The trial court abused its discretion.

(Dkt. No. 1 at 7–11; Dkt. No. 1-1).  Magistrate Judge Libby recommended dismissing all of Baldera's claims.  (Dkt. No. 26).  Baldera objects, arguing that the recommendations with respect to all his claims were in error.  (Dkt. No. 30).  The Court now turns to each of the M&R's dispositions and Baldera's corresponding objections below.

### A.     JURISDICTIONAL CLAIM

With respect to the first ground—the jurisdictional claim based on the indictment's deficiencies—Magistrate Judge Libby recommended dismissal since the TCCA previously denied Baldera's allegations as to jurisdiction, and as such, "a federal court need not address an indictment's sufficiency where the state court has held that indictment is sufficient under state law." (Dkt. No. 26 at 7 (citing *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994)).

Baldera's objections are not a model of clarity and do not directly respond to the M&R's findings.  Instead, Baldera objects to the TCCA's jurisdiction over his state application, arguing that the TCCA failed to follow its own procedures in its review of the application.  Baldera first states that a judgment made by a court without jurisdiction is void at any time.  (Dkt. No. 30 at 5).  He then argues that neither the Texas Constitution nor any statute "authorizes a single judge on

the [T.]C.C.A.[,] *acting alone*[,] to decide habeas applications." (*Id.* at 13) (emphasis added). Baldera next states that only one judge decided his habeas application by a "solo vote." (*Id.*). Baldera thus concludes that the TCCA's "practice of denying habeas relief by the vote of a single judge in absence of a quorum[] (1) is contrary to Constitutional authority; (2) defies the obligatory requirement of the [Texas Code of Criminal Procedure], (3) is in opposition with the mandatory provision of Rule 76(d) [of the Texas Rules of Appellate Procedure],[3] and . . . (4) ultimately is in direct conflict with the Due Process Clause of the 14th Amendment."[4] (*Id.* at 14–15) (footnotes added).

It thus appears that Baldera is attacking the TCCA's procedures over his unsuccessful state habeas application, and not the *trial court's* jurisdiction, which was the crux of the jurisdictional argument Magistrate Judge Libby reviewed.[5] Even assuming that Baldera is correct that the TCCA did not follow its own procedures, he still does not establish that he is entitled to habeas relief under the AEDPA because of those errors. *See* 28 U.S.C. § 2254(d)(1)–(2); *Merryman v. Davis*,

---

[3]    Rule 76 of the Texas Rules of Appellate Procedure state that the state appellate court "will sit en banc to consider the following types of cases: (a) direct appeals; (b) cases of discretionary review; (c) cases in which leave to file was granted under Rule 72; (d) cases that were docketed under Code of Criminal Procedure articles 11.07 [procedures for filing a writ of habeas corpus] or 11.071; (e) certified questions; and (f) rehearings under Rule 79." Tex. R. App. P. 76.

[4]    The record shows that the denial order of Baldera's state writ application was signed by a single judge on May 8, 2019. (Dkt. No. 16-22). There is no indication as to whether the denial was issued after the TCCA sat *en banc* or after a panel convened. Baldera does not offer any further facts or evidence that could conclusively establish that only one judge in the TCCA denied his state writ application. In *Ex parte Dawson*, Judge Elsa Alcala in her concurrence voiced her concerns about the TCCA's internal procedures with respect to assigning certain habeas petitions to lone judges as opposed to a panel or *en banc*. 509 S.W.3d 294 (Tex. Crim. App. 2016). Judge Alcala stated that the TCCA should change its practice of allowing habeas petitions to be decided "by a lone judge rather than by all judges or a panel of the judges elected to [the TCCA]." 509 S.W.3d at 297–98 (Alcala, J., concurring). Currently, however, there is nothing that suggests that the TCCA has changed its internal procedures in accordance with this concurrence.

[5]    Given a review of Baldera's pleadings and legal papers, this objection seems to be the first time he brings this argument in any forum. The record further indicates that Baldera did not even object to the TCCA itself for violating its own procedures.

781 F. App'x 325, 327 (5th Cir.) ("[T]o the extent [Petitioner] is seeking to raise a claim of infirmity in his own state habeas proceedings, that is not a basis for federal habeas relief."), *cert. denied*, ___ U.S.___, 140 S.Ct. 527, 205 L.Ed.2d 340 (2019), *reh'g denied*, ___ U.S.___, 140 S.Ct. 1252, 206 L.Ed.2d 245 (2020).   Indeed, the Fifth Circuit has stated that "[i]t is axiomatic that 'infirmities in state habeas proceedings do not constitute grounds for federal habeas relief.'" *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (quoting *Duff–Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992)).   This principle exists because "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001).

Moreover, the Court is of the opinion that it should not rule on this procedural question because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions[,]" and "a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (citations omitted).   In other words, this Court cannot act as a "super state supreme court" for review of issues decided by state courts on state law grounds.   *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986) (quotation omitted); *see also Barnes v. Stephens*, No. H-15-0815, 2016 WL 592841, at *7 (S.D. Tex. Feb. 11, 2016) ("A federal court reviewing a petition under 28 U.S. C. § 2254 asks only whether a constitutional violation infected the petitioner's *state trial*.") (emphasis added)   Thus, it is inappropriate for the Court to determine whether the TCCA followed its procedures in accordance with Texas law when it reviewed Baldera's habeas petition.   *See Engle v. Isaac*, 456 U.S. 107, 128–29, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982) (noting "the Great Writ imposes special costs on our federal system" when it "undercut[s] the State's ability to enforce its procedural rules"); *Murray v. Carrier*, 477

U.S. 478, 490, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986) (noting that a "State's procedural rules serve vital purposes at trial, on appeal, and on state collateral attack").

To the extent Baldera objects to the M&R's disposition of the *trial court's* jurisdiction— which the Court could not directly construe from the papers given the lack of organization and clarity in Baldera's pleadings—the Court overrules these objections.  As *McKay* holds, "[t]he sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction."  12 F.3d at 68 (citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980)).  Crucially, "[w]here the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue."  *Id.* (citing *Millard v. Lynaugh*, 810 F.2d 1403 (5th Cir.), *cert. denied* 484 U.S. 838, 108 S.Ct. 122, 98 L.Ed.2d 81 (1987)).  In the instant case, it is clear that Baldera brought this jurisdictional claim in his state application, (Dkt. No. 16-29 at 9–19), and the TCCA denied it.  (Dkt. No. 16-22).  Thus, the state courts found the indictment at issue sufficient under state law, and it is not a matter for federal habeas relief.

### B.    INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Next, Magistrate Judge Libby recommended dismissal of the fourth ground—the ineffective assistance of counsel claim—because he deemed Baldera's allegations conclusory and therefore lacking "cognizable grounds for federal relief."  (Dkt. No. 26 at 14).  The M&R also found that "even if Petitioner could show counsel's performance fell below an objective standard of reasonableness, he has not shown how any deficient performance prejudiced the defense."  (*Id.* at 15).  Magistrate Judge Libby recommended finding that, because Baldera "simply resubmit[ed]" identical claims from his state court petition to this Court and failed to address the state court's decision with respect to these claims, Baldera fell short of his burden to show that the state court's application of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) was

unreasonable.  (*Id.* at 16).  Baldera objects to the M&R's disposition, arguing that he has met the *Strickland* standard.  (Dkt. No. 30 at 7).  He states that his pleadings show that counsel's performance fell below an objective standard of reasonableness and the performance prejudiced him and violated his constitutional rights.  (*Id.* at 7–8).

An ineffective assistance of counsel claim is properly analyzed under the two-prong test set forth in *Strickland*.  *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001).  "Surmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010).  "The standard for judging counsel's representation is a most deferential one."  *Harrington*, 562 U.S. at 105, 131 S.Ct. at 788.  To prevail on such a claim, a petitioner must demonstrate that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.  *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.  Regarding the first prong, to demonstrate deficient performance the petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689, 104 S.Ct. at 2065.  The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom.  *Id.* at 690, 104 S.Ct. at 2066.  With respect to the second prong, to prove that the petitioner was prejudiced, he must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id*. at 687, 104 S.Ct. at 2064.  This rule means that the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694, 104 S.Ct. at 2068.  "The likelihood of a different result must be substantial, not just conceivable."  *Harrington*, 562 U.S. at 112, 131 S.Ct. at 792.  If the

petitioner fails to prove one prong, it is not necessary to analyze the other.  *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

In the context of Section 2254 petitions, an ineffective assistance of counsel claim must be analyzed under *both* the *Strickland* and Section 2254(d) standards, which makes the petitioner's burden "all the more difficult."  *Harrington*, 562 U.S. at 105, 131 S.Ct. at 788.  As both of these standards are highly deferential, when the two apply in tandem, judicial review is "doubly" so.  *Id.* (citations omitted).  In such a case, a federal habeas court asks not whether defense counsel's performance fell below *Strickland*'s standard, but whether the state court's application of the standard was unreasonable.  *Id.* at 101, 131 S.Ct. at 785; *see also Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").  As such, relief is given only when the petitioner shows there is no reasonable argument that counsel's performance satisfied the *Strickland* standards.  *See Harrington*, 562 U.S. at 103–105; 131 S.Ct. at 786–88; *see also McCoskey v. Thaler*, 478 F. App'x 143, 152 (5th Cir. 2012).  And since the *Strickland* standard is a general one, "a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (citing  *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004)).

Although Baldera asserts that his pleadings are sufficient to satisfy the *Strickland* standard, a review of his habeas petition confirms Magistrate Judge Libby's findings to the contrary.  Among other statements devoid of explanation, Baldera states that his trial counsel was ineffective because he "failed to request an election between Cause #16-02-7603 and Cause #17-03-7766, while both

indictments were on docket for trial on 5/1/17," was "never appointed nor hired to this case," "failed to interview/investigate any witness," and "failed to file a motion for discovery."  (Dkt. No. 1-1 at 3).  Baldera also alleges that counsel failed numerous times to object and failed to properly cross-examine witnesses.  (*Id.*).  Baldera further states that counsel "gave up in his own mind" prior to trial and wrote letters to Baldera stating that Baldera was most likely going to lose.[6]  (*Id.* at 3–4).

As the M&R found, the Court holds that Baldera "simply fails to support any of his allegations with any law or sufficient fact or evidence."  (Dkt. No. 26 at 15).  "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (internal quotation omitted).  But "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."  *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).  The Court cannot construe how or why any of these alleged shortcomings could establish that Baldera's counsel was constitutionally deficient, and that such deficiencies were so prejudicial to Baldera that but for their existence, he would have been found not guilty.  For instance, Baldera fails to explain the circumstances surrounding counsel's alleged failure to file a motion for discovery or what discovery trial counsel should have sought.  Baldera is silent on why counsel was deficient or prejudicial in his failure to object (and what Baldera wanted counsel to specifically object to).  He does not provide any detail as to how counsel's opinion of Baldera's chances of success shows poor performance that caused substantial prejudice.  Importantly, Baldera fails to even state how any of his allegations can support a finding that the state court's

---

[6]     Trial counsel wrote to Baldera, "[i]f you insist on taking this case to trial I can only advise you to spread your legs, bend over and kiss you're a-- goodbye.  It is my opinion that even with my skill as a trial attorney, you will be convicted and you will receive much more than the 15 year offer that the State has made."  (Dkt. No. 21-4 at 38).

application of the *Strickland* standard was unreasonable.  In short, given Baldera's failure to bolster his claim through further explanation, facts, or law, the Court cannot conclude that the state court was unreasonable in determining that Baldera did not satisfy *Strickland*.

Baldera further alleges that his appellate counsel was ineffective, (Dkt. No. 1-1 at 4), but Baldera neither alleges nor shows prejudice from appellate counsel's supposed errors that is substantial as to have affected the appellate court's findings.  Indeed, as the M&R states, the evidence presented during the criminal trial which included the testimony of two of the victims and his own testimony "was more than sufficient to support his conviction."  (Dkt. No. 26 at 15) (citing *Norris v. Davis*, 826 F.3d 821, 835 (5th Cir. 2016) ("Norris cannot show *Strickland* prejudice in light of the overwhelming evidence of his guilt.") and *Hoover v. Davis*, No. 4:19-0905, 2020 WL 1430498, at *9 (S.D. Tex. Mar. 23, 2020) (Petitioner failed to demonstrate his counsel's allegedly deficient performance caused him prejudice given the strong evidence of his culpability)).  In the face of such evidence, appellate counsel, in this instance, "cannot be faulted for failing to pursue meritless motions," *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988), or "futile" claims, *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) (*per curiam*)).  The Court therefore finds that it would be improper to conclude that the state court was unreasonable in its denial of Baldera's ineffective assistance of appellate counsel claim.

### C.   SUFFICIENCY OF THE EVIDENCE

With respect to the second ground—that there was insufficient evidence to convict Baldera—Magistrate Judge Libby found that Baldera did not challenge the sufficiency of the evidence in his direct appeal, a failure which generally bars a federal court from considering the

claim on the merits.[7]  (Dkt. No. 26 at 7–9) (citing *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th

Cir. 1996), *Ex Parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) and *Kittelson v.*

*Dretke*, 426 F.3d 306, 317 n.26 (5th Cir. 2005)).  And because Baldera did not establish (a) cause

for not appealing the sufficiency of the evidence and actual prejudice resulting from an alleged

violation of federal law or (b) a miscarriage of justice if the Court does not consider his claim, his

failure to appeal is not exempted from this procedural bar.  (*Id.* at 9–10).

Baldera objects to this disposition because he claims there was insufficient evidence in the

record to convict him and that, in fact, the record actually supports his innocence.  (Dkt. No. 30 at

5).  Even if true on both scores, under Texas law, as the M&R notes, a state prisoner cannot

generally seek habeas review of a sufficiency of the evidence claim that was available but not

raised on direct appeal.  *Dretke*, 426 F.3d at 317 n.26 (citing TEX. CODE CRIM. P. art. 11.07, § 4;

*Ex Parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994)).  Thus, "[i]n all cases in which a

state prisoner has defaulted his federal claims in state court pursuant to an independent and

adequate state procedural rule, federal habeas review of the claims is barred *unless* the prisoner

[(1)] can demonstrate cause for the default and actual prejudice as a result of the alleged violation

of federal law, or [(2)] demonstrate that failure to consider the claims will result in a fundamental

miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115

L.Ed.2d 640 (1991) (emphasis added).  To demonstrate "cause," a petitioner must prove some

---

[7]     To the extent Baldera raises a freestanding "actual innocence" claim, the M&R correctly found that the claim was meritless and procedurally barred because "[a] freestanding claim of actual innocence does not provide a basis for federal habeas relief absent evidence of an independent constitutional violation in the state criminal proceeding," and Baldera did not offer such argument or evidence for his claim.  (Dkt. No. 26 at 8 (citing *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 112 L.Ed.2d. 203 (1993) and *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013)).  Indeed, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  *Thaler*, 716 F.3d at 908 (emphasis added) (citations and quotations omitted).  Baldera fails to demonstrate such an independent constitutional violation.  Accordingly, his freestanding "actual innocence" claim fails.

condition external to the defense impeded his efforts to comply with procedural rules, the factual or legal basis of the claim was not available to counsel, or governmental interference rendered procedural compliance impractical. *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645. On the other hand, a miscarriage of justice would mean that a petitioner is actually innocent of the crime for which he was convicted. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Thus, in order for this Court to review Baldera's actual innocence claim—a claim procedurally barred due to his failure to appeal—he must first satisfy either of the two prongs above.

As to the first prong, Baldera had the opportunity to raise his sufficiency of the evidence claim in his direct appeal after being convicted but did not. The sole cause for his failure to appeal is the alleged ineffective assistance provided by his counsel, (Dkt. No. 30 at 6), a claim that this Court has already disposed of above.

With respect to the second prong—the fundamental miscarriage of justice exception—Baldera proffers new evidence allegedly proving his innocence. He moves the Court to consider an affidavit from Bobby Mendez, an inmate incarcerated in Cuero, Texas, supposedly proving that Baldera was set up by two individuals. (*Id.* at 5). Mendez's affidavit states that two women named "Gloria" and "Destiny Amaya" met Mendez while he was trimming Gloria's lawn in her home in Port Lavaca, Texas. (*Id.* at 18). The two women thereafter brought Mendez to "Austin to party." (*Id.*). At the party, Destiny "brought up how they 'SET-UP' a guy named 'Juan' . . . for not finishing a tattoo on one of Gloria's legs." (*Id.*). Mendez then states that he only knew of only "'ONE' tat[t]oo guy from Port Lavaca known as 'YO-YO'" and he found out later on that "YO-YO" was Baldera. (*Id.* at 18–19). He then realized that "Juan" was Baldera, the only "tattoo guy" from Port Lavaca. (*Id.*).

17

Significantly, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37, 126 S.Ct. 2064, 2076–77, 165 L.Ed.2d 1 (2006) (quotation omitted). A petition "supported" by such a "gateway showing 'raise[s] sufficient doubt about the petitioner's guilt to undermine confidence in the result of the trial without the assurance that the trial was untainted by constitutional error," and as such, "a review of the merits of the constitutional claims is justified." *Id.* at 537, 126 S.Ct. at 2077 (quoting *Schlup v. Delo*, 513 U.S. 298, 317, 115 S.Ct. 851, 862, 130 L.Ed.2d 808 (1995)). Put differently, "[t]o establish the requisite probability that [a petitioner] was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Anderson*, 188 F.3d at 644 (quoting *Schlup*, 513 U.S. at 327, 115 S.Ct. at 867).

Here, the Mendez affidavit is of no moment because it would not have swayed a reasonable jury to change its verdict. The affidavit's narrative is vague and general, and the credibility of Mendez is suspect, *see Schlup*, 513 U.S. at 332, 115 S.Ct. at 869 (a federal court, in its review of the new evidence proffered, may "consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.").[8] Thus, in assessing the "probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial," *see id.*, the Court finds that Mendez's affidavit would not have changed the verdict against Baldera. Therefore, Baldera fails to meet the threshold for showing actual

---

[8]    The proffered affidavit is also inadmissible hearsay with respect to Baldera's use of Mendez's statement to prove the truth of the matter Mendez asserts in the affidavit. *See* FED. R. EVID. 801, 803.

innocence that would, in turn, establish that a failure to consider his sufficiency of the evidence claim would result in a fundamental miscarriage of justice.

Even if Baldera's sufficiency of the evidence claim is not barred, the Court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). Baldera has failed to satisfy this test. Consequently, this Court will not relitigate his state trial. *See Herrera v. Collins*, 506 U.S. 390, 400–01, 113 S.Ct. 853, 861, 112 L.Ed.2d 203 (1993). Instead, the Court is of the opinion that the jury in Baldera's case could rationally conclude that the essential elements of the charge were satisfied beyond a reasonable doubt. The evidence presented at trial included testimony from the two teenage victims, Baldera's own testimony and prison inmate Johnson's testimony. (Dkt. No. 16-5 at 2–3; Dkt. No. 16-19 at 62–74, 89–107; Dkt. No. 16-20 at 13–38, 43–53). Thus, the evidence was more than sufficient for the jury to convict Baldera. *See United States v. Scott*, 159 F.3d 916, 920 (5th Cir. 1998) (explaining that, on review of a sufficiency of evidence to convict claim, the Fifth Circuit "review[s] the evidence, whether direct or circumstantial, and all reasonable inferences drawn therefrom, in the light most favorable to the verdict").

### D.    PROSECUTORIAL MISCONDUCT AND TRIAL COURT DISCRETION CLAIMS

Lastly, Magistrate Judge Libby recommended dismissal of grounds three and five—the prosecutorial misconduct and trial court discretion claims—because Baldera provided "little to no explanation in his support" of these claims and "his citations are unclear and misleading" as they "do not cite to evidence in support of his arguments" nor provide "any guidance as to what arguments he is making." (Dkt. No. 26 at 11–12). This recommendation was made despite Magistrate Judge Libby using a more lenient standard for construing *pro se* petitions. (*Id.*). The

M&R further noted that these claims were raised in Baldera's unsuccessful state writ application. (*Id.*).  Because Baldera "makes no substantive argument that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings[,]" the M&R concluded that Baldera fails to meet his burden under the AEDPA.  (*Id.* at 12).

Baldera now objects, although the objections are incomprehensible.  He first states that the TCCA decided to "merely sweep . . . under the rug" the state writ application containing the identical allegations which then apparently resulted in the "Abandonment," "Forfeiture," and "Waiving" of "any further defense" of the state writ application.  (Dkt. No. 30 at 6–7).  He then writes that "it is a violation of [the] due process clause of the 14th Amendment" for the prosecution "to use known perjured testimony."  (*Id.* at 7).  With regard to Magistrate Judge Libby's findings, he states that the M&R "brush[es] on" grounds three and five but "Baldera simply asks this court[,] what about all of Baldera's other meritorious claims?"  (*Id.*).  Even with the Court's lenient standard of review for *pro se* petitioners in mind, the Court cannot determine or reasonably interpret what Baldera means when he proffered these arguments.

As stated, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (internal quotation omitted).  But, even with this forgiving standard, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."  *Woods*, 870 F.2d at 288 n.3.  In Baldera's Petition, he states that the prosecution committed misconduct for using perjured testimony, inadmissible evidence, allowing fatal variance testimony, using a fabricated "outcry

witness"—a term Baldera does not define—rendering and committing fraud upon the court, and other conclusory, vague and general allegations without further explanation or description of the testimony, evidence, and witnesses he challenges.  (Dkt. No. 1-1 at 2).  Baldera lays out his allegations for his claim that the trial court abused its discretion in a similarly conclusory fashion without any explanation.  (*Id.* at 4–5).  He states that the trial court abused its discretion by, among other reasons, "ha[ving] an Ex-parte communication with the State attorney without the presence of defense counsel," by permitting "Amaya to testify clearly violating Petitioner's granted motion in limine on extraneous offenses," and by "permit[ting] Kevin Johnson, a non-sane (jail informant) to testify when the record clearly shows and supports that Johnson smeared his own feces to his face." (*Id.* at 4).  Baldera does not explain—even in layman's terms—why or how these allegations establish abuse of discretion, and his attempts at citing to the record do not assist the Court in fully assessing these statements and arguments.

Given these vague, conclusory, and quite frankly, confusing allegations and objections, the Court agrees with Magistrate Judge Libby that Baldera makes no substantive argument that habeas relief is warranted.  *See Ross*, 694 F.2d at 1011–12 (finding that, in light of the deference due to state court decisions, a habeas petitioner's conclusory allegations are insufficient to raise a constitutional issue).

## IV.   CONCLUSION

Based on the foregoing, the Court **ACCEPTS** the M&R in its entirety as the opinion of the Court and **GRANTS** Davis's Motion for Summary Judgment.   Accordingly, the Court **DISMISSES** Baldera's petition pursuant to 28 U.S.C. § 2254.

This is a **FINAL JUDGMENT.**

21

SIGNED this March 30, 2021.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**