UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHNNY BALDERA, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:19-cv-00043 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before the Court is Petitioner Johhny Baldera's Notice of Appeal to the United States Court of Appeals for the Fifth Circuit and Motion for Leave to Appeal *in forma pauperis*. (Dkt. Nos. 32–33). Baldera provided notice to appeal this Court's adoption of Magistrate Judge Libby's Memorandum & Recommendation granting Respondent Lorie Davis's Motion for Summary Judgment and dismissing Baldera's Petition for Writ of Habeas Corpus as without merit pursuant to 28 U.S.C. § 2254. (Dkt. No. 31).

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability ("COA") is required before a petitioner's appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). A district court may deny a COA, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Likewise, if the petitioner has filed a notice of appeal, federal courts may construe the notice as a petition for a COA. *See* FED. R. APP. P. 22(b)(1) ("the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28

U.S.C. §2253(c)"); *see also* FED. R. APP. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

The COA requirement is "a jurisdictional prerequisite because the COA statute mandates that [u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) (quotation omitted). A COA will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 2569, 159 L.Ed.2d 384 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000)). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

After considering all of the pleadings and previous orders entered in this case, the Court concludes that reasonable jurists would not debate whether Baldera's claims had merit, whether Baldera stated a valid claim of the denial of a constitutional right, or whether any procedural ruling in this case was correct.

Therefore, a certificate of appealability is **DENIED**. Moreover, Baldera's Motion for Leave to Appeal *in forma pauperis* is **DENIED**.

It is SO ORDERED.

SIGNED this April 28, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**